UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-72 JMR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES ALLEN WILLIS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM OF LAW IN SUPPORT OF PETITION TO REMIT FINANCIAL PENALTIES** |

This matter comes before the Court, pursuant to 18 U.S.C. § 3573, on the petition of the United States for remission of the balance remaining on the $8,471.52 fine imposed on July 5, 2001. Because the United States has been unable to locate assets to satisfy the balance of the fine and since reasonable future efforts will also likely be ineffective, the petition should be granted.

## FACTS

On July 5, 2001, this Court sentenced defendant to 27 months in prison, three years probation and a $8,471.52 fine. The fine was payable in monthly installments of $235.32 over defendant's three years of supervision. See Judgment and Commitment Order, attached hereto as Exhibit A to the Declaration of Jessica Scott. To date, defendant has paid

$5,900 towards the fine. See payment history attached hereto as Exhibit B to Scott Declaration. When defendant failed to pay in accordance with his monthly payment plan, the United States attempted to garnish his wages and bank account. Both garnishments were unsuccessful as defendant had no money in his bank account, and his wages were already garnished at the full extent allowed by law for a tax liability. See Answers of Garnishee attached hereto as Exhibit C to the Scott Declaration. The United States has also attempted to collect the fine through a voluntary monthly payment plan, undertaking asset investigations to locate assets to satisfy the judgment, and making demands for payment in full.

Because defendant has no assets which could be seized and since his wages are garnished for a tax liability, it is unlikely that any further reasonable effort would lead to successful collection of the remaining balance of this fine. Accordingly, the United States seeks remission of the fine pursuant to 18 U.S.C. § 3573.

## DISCUSSION

Title 18, United States Code, § 3573 provides, in pertinent part, that:

> Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the Court may, in the interest of justice - -

> (1) remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties . . . .

This statute was enacted to allow the United States Attorney to eliminate uncollectible fines and special assessments from its criminal debt balance. U.S. v. Linker, 920 F.2d 1 (7th Cir.(Ill.), 1990). It does so by permitting the United States to petition for remission once it has determined that further reasonable efforts to collect the sums owing are unlikely to be successful.

That standard has assuredly been met in this case. The United States made reasonable efforts to collect the fine by making demand for payment, searching for assets and garnishing defendant's wages and bank account. No assets were found that could be seized to satisfy the judgment. See Scott Declaration. Further efforts will not likely be effective, within the meaning of § 3573. Id. Accordingly, the United States seeks an order remitting the remaining balance of the $8,471.52 fine imposed by this Court on July 5, 2001.

CONCLUSION

For the above-stated reasons, the Court should grant the petition of the United States to remit the remaining balance of the $8,471.52 fine in this case as uncollectible.

Dated: August 27, 2008

FRANK J. MAGILL, JR.
United States Attorney

s/ M. Trippler
BY: MARY TRIPPLER
Assistant U.S. Attorney
Attorney ID No 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
Attorneys for Plaintiff